Fill in this information to identify the case:

United States Bankruptcy Court for the:

**Eastern District of New York**

Case number (if known): _____    Chapter __11__

❑ Check if this is an amended filing

## Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy                              04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| **1. Debtor's name** | **Hapisgah of Flushing Inc.** |

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as names*

**3. Debtor's federal Employer Identification Number (EIN)**

**8  2 – 3  2  8  3  7  7  1**

**4. Debtor's address**

**Principal place of business**

**14725 Union Tpke**
Number        Street

**Flushing, NY 11367-3717**
City                          State      ZIP Code

**Queens**
County

**Mailing address, if different from principal place of business**

Number        Street

City                          State      ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                          State      ZIP Code

**5. Debtor's website (URL)**

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

Debtor  **Hapisgah of Flushing Inc.**                           Case number *(if known)*
     Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:* |

❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❏ Railroad (as defined in 11 U.S.C. §101(44))

❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❏ Clearing Bank (as defined in 11 U.S.C. §781(3))

☑ None of the above

B. *Check all that apply:*

❏ Tax-exempt entity (as described in 26 U.S.C. §501)

❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**7  2  2  5**

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

❏ Chapter 7

❏ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ❏ A plan is being filed with this petition.

    ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ❏ No |

☑ Yes.  District **Eastern District of New York**  When **9/20/2024**  Case number **24-43917**
                                               MM / DD / YYYY

              **Eastern District of New York**  When **9/24/2024**  Case number **24-43918**
     District                                  MM / DD / YYYY

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☑ No |

❏ Yes.  Debtor _____  Relationship _____

      District _____  When _____
                                               MM / DD / YYYY

      Case number, if known _____

Debtor    **Hapisgah of Flushing Inc.**          Case number *(if known)*
          Name

| 11. Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|
| | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
            Number          Street

_____

_____    _____    _____
City                                        State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

           Contact name       _____

           Phone              _____

## Statistical and administrative information

| 13. Debtor's estimation of available funds? | *Check one:* |
|---|---|
| | ☐ Funds will be available for distribution to unsecured creditors. |
| | ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

☑ 1-49    ☐ 50-99    ☐ 1,000-5,000    ☐ 5,001-10,000    ☐ 25,001-50,000    ☐ 50,000-100,000
☐ 100-199    ☐ 200-999    ☐ 10,001-25,000    ☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000          ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☑ $100,001-$500,000   ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☐ $100,000,001-$500 million   ☐ More than $50 billion

Debtor    **Hapisgah of Flushing Inc.**                                    Case number *(if known)* _____

Name

| 16. Estimated liabilities | ❑ $0-$50,000 | ☑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
|---|---|---|---|
| | ❑ $50,001-$100,000 | ❑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| | ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| | ❑ $500,001-$1 million | ❑ $100,000,001-$500 million | ❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING --    Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/04/2026**
MM/  DD/  YYYY

X  **/s/ Moshe Lifshitz**                                    **Moshe Lifshitz**
Signature of authorized representative of debtor            Printed name

Title                **President**

**18. Signature of attorney**

X                **/s/ Charles Wertman**            Date  **05/04/2026**
Signature of attorney for debtor                          MM/  DD/  YYYY

**Charles Wertman**
Printed name

**Law Offices of Charles Wertman P.C.**
Firm name

**100 Merrick Road Suite 304W**
Number        Street

**Rockville Centre**                          **NY**        **11570-4807**
City                                          State        ZIP Code

**(516) 284-0900**                            **charles@cwertmanlaw.com**
Contact phone                                 Email address

**2593267**                                   **NY**
Bar number                                    State

Fill in this information to identify the case:

Debtor name    **Hapisgah of Flushing Inc.**

United States Bankruptcy Court for the: _____ **Eastern** _____    District of _____ **New York** _____

(State)

Case number (if known): _____

❑ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

   ❑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
| --- | --- | --- |

**2.1**

| **Creditor's name** | **Describe debtor's property that is subject to a lien** | **$50,000.00** | **unknown** |
| --- | --- | --- | --- |
| **360 Finance** | | | |

**Creditor's mailing address**

**300 Beardsley**

**Austin, TX 78746**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No

❑ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**

☑ No

❑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No

❑ Yes. Specify each creditor, including this creditor, and its relative priority.

_____

_____

**As of the petition filing date, the claim is:**

Check all that apply.

☑ Contingent

☑ Unliquidated

☑ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    **$3,593,201.89**

Debtor   **Hapisgah of Flushing Inc.**                                          Case number (if known) _____
         Name

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim** | **Value of collateral** |
| **Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.** | | | Do not deduct the value of collateral. | **that supports this claim** |

**2.2** **Creditor's name**

  **Alliance Funding Group**

**Describe debtor's property that is subject to a lien**

_____

Column A: **$103,159.00**   Column B: **unknown**

**Creditor's mailing address**

  **17542 17th St**

  **Tustin, CA 92780-1959**

_____

_____

**Describe the lien**

_____

**Creditor's email address, if known**

_____

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number**  __ __  __ __  __ __  __ __

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

  ☐ No.  Specify each creditor, including this creditor, and its relative priority.

  _____

  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☑ Unliquidated
☑ Disputed

Debtor     **Hapisgah of Flushing Inc.**                              Case number (if known) _____

_____Name_____

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.3** **Creditor's name**

  **Amerifund / Leaf Capital**

**Describe debtor's property that is subject to a lien**

$103,159.85       unknown

**Creditor's mailing address**

  **14550 N Frank Lloyd Wright Blvd Ste 1**

  **Scottsdale, AZ 85260-8824**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

    _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

Debtor    **Hapisgah of Flushing Inc.**                                    Case number (if known) _____    page ___ of ___
          Name

| Part 1: | Additional Page | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.4** **Creditor's name**

**BAYFIRST NATIONAL BANK NA**

**Describe debtor's property that is subject to a lien**

**$150,000.00**          **unknown**

**Creditor's mailing address**

**700 Central Ave.**

**Saint Petersburg, FL 33701**

**Describe the lien**

**UCC**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

     _____

     _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

Debtor    **Hapisgah of Flushing Inc.**                                  Case number (if known) _____    page ___ of ___

Name

| Part 1: | Additional Page | | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.5** **Creditor's name**

  **Brickhouse Capital**

**Creditor's mailing address**

  **8161 E Indian Bend Rd Ste 103**

  **Scottsdale, AZ 85250-4828**

**Creditor's email address, if known**

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**

☑ No

❑ Yes. Have you already specified the relative priority?

  ❑ No.  Specify each creditor, including this creditor, and its relative priority.

  _____

  _____

  ❑ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____

_____

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☑ No

❑ Yes

**Is anyone else liable on this claim?**

☑ No

❑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

❑ Contingent

❑ Unliquidated

☑ Disputed

         **$74,998.00**         **unknown**

Debtor    **Hapisgah of Flushing Inc.**                                    Case number (if known) _____    page ___ of ___

Name

| Part 1: | Additional Page | | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| 2.6 | **Creditor's name** | **Describe debtor's property that is subject to a lien** | $200,000.00 | unknown |
|---|---|---|---|---|

**Creditor's name**

Channel Partners

**Creditor's mailing address**

10900 Wayzata Blvd Suite 300

Hopkins, MN 55305

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**

☑ No

❏ Yes. Have you already specified the relative priority?

   ❏ No.  Specify each creditor, including this creditor, and its relative priority.

     _____

   ❏ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____

_____

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☑ No

❏ Yes

**Is anyone else liable on this claim?**

☑ No

❏ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

☑ Contingent

☑ Unliquidated

☑ Disputed

Debtor   **Hapisgah of Flushing Inc.**                               Case number (if known) _____   page __7__ of __16__
         Name

| Part 1: | Additional Page | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.7** **Creditor's name**              **Describe debtor's property that is subject to a lien**                     $94,721.26                unknown

   **Dynamic Capital**

   **Creditor's mailing address**

   **333 SE 2nd Ave Suite 2000**

   **Miami, FL 33131**                   **Describe the lien**

   **Creditor's email address, if known**

                                         **Is the creditor an insider or related party?**

                                         ☑ No
   **Date debt was incurred** _____  ☐ Yes

   **Last 4 digits of account**           **Is anyone else liable on this claim?**
   **number**  __ __ __ __
                                         ☑ No
   **Do multiple creditors have an interest in**   ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).
   **the same property?**

   ☑ No                                  **As of the petition filing date, the claim is:**
   ☐ Yes. Have you already specified the  Check all that apply.
          relative priority?
                                         ☐ Contingent
      ☐ No.  Specify each creditor, including   ☐ Unliquidated
             this creditor, and its relative   ☑ Disputed
             priority.

             _____

      ☐ Yes. The relative priority of creditors
             is specified on lines _____

Debtor    **Hapisgah of Flushing Inc.**                              Case number (if known) _____    page ___ of ___

Name

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

Column A — **Amount of claim** — Do not deduct the value of collateral.

Column B — **Value of collateral that supports this claim**

**2.8**  **Creditor's name**

  Econo Lease

**Describe debtor's property that is subject to a lien**

                                                                      **$69,872.04**                    **unknown**

**Creditor's mailing address**

  1920 Mckinney Avenue

  Dallas, TX 75201

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number**   __ __ __ __

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

  ☐ No.  Specify each creditor, including this creditor, and its relative priority.

    _____

    _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

Debtor    **Hapisgah of Flushing Inc.**                              Case number (if known) _____   page ___ of ___

Name

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.9** **Creditor's name**

**Harbour Capital**

**Creditor's mailing address**

**121 Shattuck Way Ste 11**

**Portsmouth, NH 03801-7875**

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☑ No

❑ Yes. Have you already specified the relative priority?

   ❑ No. Specify each creditor, including this creditor, and its relative priority.

     _____

     _____

   ❑ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____

_____

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☑ No

❑ Yes

**Is anyone else liable on this claim?**

☑ No

❑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

❑ Contingent

❑ Unliquidated

☑ Disputed

**$77,000.00**               **unknown**

Debtor      **Hapisgah of Flushing Inc.**                                    Case number (if known) _____
            Name

| Part 1: | Additional Page | | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.10** **Creditor's name**

**Describe debtor's property that is subject to a lien**                $200,000.00                unknown

  **JPMorgan Chase Bank, N.A.**

**Creditor's mailing address**

  **Po Box 15369**

  **Wilmington, DE 19850-5369**                **Describe the lien**

**Creditor's email address, if known**

                                              **Is the creditor an insider or related party?**

                                              ☑ No
                                              ☐ Yes
**Date debt was incurred** _____

**Last 4 digits of account**  __ __ __ __    **Is anyone else liable on this claim?**
**number**
                                              ☑ No
                                              ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).
**Do multiple creditors have an interest in
the same property?**

☑ No                                          **As of the petition filing date, the claim is:**
                                              Check all that apply.
☐ Yes. Have you already specified the
        relative priority?                    ☐ Contingent
                                              ☐ Unliquidated
   ☐ No.  Specify each creditor, including    ☑ Disputed
          this creditor, and its relative
          priority.

          _____

          _____

   ☐ Yes. The relative priority of creditors
          is specified on lines _____

Official Form 206D              Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page **10** of **16**

Debtor **Hapisgah of Flushing Inc.**     Case number (if known) _____
         Name

| Part 1: | Additional Page | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.11** **Creditor's name**

  **Keybank**

**Describe debtor's property that is subject to a lien**

                                     **$100,000.00**       **unknown**

**Creditor's mailing address**

  **12830 University Drive**

  **Fort Myers, FL 33907**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

         _____

    ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

Debtor  **Hapisgah of Flushing Inc.**                                      Case number (if known) _____

Name

| Part 1: | Additional Page | | Column A | Column B |
|---------|-----------------|--|----------|----------|
| | | | **Amount of claim** | **Value of collateral** |
| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | | | Do not deduct the value of collateral. | **that supports this claim** |

**2.12** **Creditor's name**

**M&T Bank**

**Describe debtor's property that is subject to a lien**

**$100,000.00**          **unknown**

**Creditor's mailing address**

**1 M and T Plz # 8**

**Buffalo, NY 14203-2309**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Date debt was incurred** _____

**Is anyone else liable on this claim?**

☑ No

**Last 4 digits of account number** __ __ __ __

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

    ☐ Yes. The relative priority of creditors is specified on lines _____

Debtor    **Hapisgah of Flushing Inc.**                    Case number (if known) _____
              Name

| Part 1: | Additional Page | | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.13** **Creditor's name**

   **Northstar Leasing**

**Creditor's mailing address**

   **747 Pine St**

   **Burlington, VT 05401-5163**

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account** ___ ___ ___ ___
**number**

**Do multiple creditors have an interest in the same property?**

☑ No

❏ Yes. Have you already specified the
    relative priority?

   ❏ No.  Specify each creditor, including
      this creditor, and its relative
      priority.

     _____

     _____

   ❏ Yes. The relative priority of creditors
     is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____

_____

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☑ No

❏ Yes

**Is anyone else liable on this claim?**

☑ No

❏ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

❏ Contingent

❏ Unliquidated

☑ Disputed

**$70,768.72**                    **unknown**

Debtor     **Hapisgah of Flushing Inc.**                              Case number (if known) _____

Name

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.14** **Creditor's name**

**Santander Consumer USA**

**Describe debtor's property that is subject to a lien**

**$150,000.00**          **unknown**

**Creditor's mailing address**

**P.O. Box 961288**

**Fort Worth, TX 76161**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number**  __ __ __ __

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

     _____

     _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

Debtor    **Hapisgah of Flushing Inc.**         Case number (if known) _____
        Name

| **Part 1:**    Additional Page | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|
| **Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.** | | | |

**2.15**   **Creditor's name**

   **Small Business Administration (SBA)**

**Creditor's mailing address**

   **409 3rd St Sw**

   **Washington, DC 20416-0011**

**Creditor's email address, if known**

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**

☑ No

❑ Yes. Have you already specified the relative priority?

   ❑ No. Specify each creditor, including this creditor, and its relative priority.

     _____

     _____

   ❑ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**Describe the lien**

   **UCC**

**Is the creditor an insider or related party?**

☑ No

❑ Yes

**Is anyone else liable on this claim?**

☑ No

❑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

❑ Contingent

❑ Unliquidated

☑ Disputed

**$2,000,000.00**        **unknown**

Debtor    **Hapisgah of Flushing Inc.**                           Case number (if known) _____
          Name

| Part 1: | Additional Page | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| 2.16 | **Creditor's name** | **Describe debtor's property that is subject to a lien** | $49,523.02 | unknown |
|---|---|---|---|---|

**Creditor's name**

Time Payment

**Describe debtor's property that is subject to a lien**

**Creditor's mailing address**

200 Summit Drive Suite 100

Burlington, MA 01803

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  _____

  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☑ Unliquidated

☑ Disputed

Case 1-26-42173-ess    Doc 1    Filed 05/04/26    Entered 05/04/26 00:19:02

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Hapisgah of Flushing Inc.** |

United States Bankruptcy Court for the:

**Eastern District of New York**

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on** *Schedule A/B: Assets - Real and Personal Property* **(Official Form 206A/B) and on** *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|
| | | |

**2.1** **Priority creditor's name and mailing address**

IRS

Centralized Insolvency Operation

PO Box 7346

Philadelphia, PA 19101-7346

**Date or dates debt was incurred**

_____

**Last 4 digits of account**

**number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) **(8)**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the Claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

Total claim: **$65,292.61**   Priority amount: **$65,292.61**

**2.2** **Priority creditor's name and mailing address**

NYS Dept of Labor

1220 Washington Ave Bldg 12

Albany, NY 12226-1799

**Date or dates debt was incurred**

_____

**Last 4 digits of account**

**number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) **(8)**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☑ Disputed

**Basis for the Claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

Total claim: **$255,326.19**   Priority amount: **$255,326.19**

Official Form 206E/F     **Schedule E/F: Creditors Who Have Unsecured Claims**     page 1 of 6

Debtor     **Hapisgah of Flushing Inc.**                                        Case number *(if known)*
                     Name

## Part 1:  Additional Page

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $210,900.85 | $210,900.85 |
|-----|--|--|--|--|

**2.3** Priority creditor's name and mailing address

**NYS DEPT OF TAX AND FINANCE**

**BANKRUPTCY SECTION**
**W.A. Harriman Campus**

**Building 8 Room 455**

**Albany, NY 12227**

**Date or dates debt was incurred**

**Last 4 digits of account**

**number** __ __ __ __

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) **(8)**

As of the petition filing date, the claim is:
*Check all that apply.*
☐  Contingent
☐ Unliquidated
☑ Disputed

**Basis for the Claim:**

**Is the claim subject to offset?**
☑ No
☐ Yes

$210,900.85          $210,900.85

Official Form 206E/F                    **Schedule E/F: Creditors Who Have Unsecured Claims**                    page 2 of 6

Debtor      **Hapisgah of Flushing Inc.**                                               Case number *(if known)* _____
                        Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|

| **3.1** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$75,013.05** |
|---|---|---|---|

**Chase Credit Card**

**PO Box 15369**

**Wilmington, DE 19850**

❑ Contingent
❑ Unliquidated
☑ Disputed

**Basis for the claim:** **1**

Date or dates debt was incurred  _____

Last 4 digits of account number  ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
❑ Yes

---

| **3.2** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$22,660.97** |
|---|---|---|---|

**Chase Credit Card**

**PO Box 15369**

**Wilmington, DE 19850**

❑ Contingent
❑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred  _____

Last 4 digits of account number  ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
❑ Yes

---

| **3.3** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$51,678.79** |
|---|---|---|---|

**Con Ed**

**Po Box 1701**

**New York, NY 10116-1701**

❑ Contingent
❑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred  _____

Last 4 digits of account number  ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
❑ Yes

---

| **3.4** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$55,000.00** |
|---|---|---|---|

**Elease Funding Inc**

**550 First Avenue North**

**Saint Petersburg, FL 33701**

❑ Contingent
❑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred  _____

Last 4 digits of account number  ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
❑ Yes

Debtor    **Hapisgah of Flushing Inc.**                                    Case number *(if known)*
           Name

---

### Part 2: Additional Page

| 3.5 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $100,000.00 |
|---|---|---|---|

**Headway Capital**

**175 W Jackson Blvd Ste 1000**

**Chicago, IL 60604-2863**

*Check all that apply.*
❑ Contingent
❑ Unliquidated
☑ Disputed

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
❑ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $25,807.30 |
|---|---|---|---|

**M&T Credit Card**

**101-25 Queens Blvd**

**Forest Hills, NY 11375**

*Check all that apply.*
❑ Contingent
❑ Unliquidated
☑ Disputed

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
❑ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $14,117.08 |
|---|---|---|---|

**Mario Ferazzoli**

**5211 Browvale Ln**

**Little Neck, NY 11362-1712**

*Check all that apply.*
❑ Contingent
❑ Unliquidated
☑ Disputed

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
❑ Yes

---

| 3.8 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $87,338.85 |
|---|---|---|---|

**Priority Capital**

**174 Green Street**

**Melrose, MA 02176**

*Check all that apply.*
❑ Contingent
❑ Unliquidated
☑ Disputed

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
❑ Yes

---

Debtor    **Hapisgah of Flushing Inc.**                                                    Case number *(if known)* _____
             Name

Part 2:   Additional Page

| 3.9 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$87,338.35** |
| --- | --- | --- | --- |

**Nonpriority creditor's name and mailing address**

  Select Funding

  24003 A Ventura Blvd Suite 200

  Calabasas, CA 91302

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**    **$87,338.35**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor   **Hapisgah of Flushing Inc.**                                Case number *(if known)* _____
          Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.**   **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | **$531,519.65** |
| 5b. | **Total claims from Part 2** | 5b. **+** | **$518,954.39** |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$1,050,474.04** |

Fill in this information to identify the case:

Debtor name     **Hapisgah of Flushing Inc.**

United States Bankruptcy Court for the:

    **Eastern District of New York**

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Small Business Administration (SBA) <br><br> 409 3rd St Sw <br> Washington, DC 20416-0011 | | UCC | Disputed | | | $2,000,000.00 |
| 2 | NYS Dept of Labor <br><br> 1220 Washington Ave Bldg 12 <br> Albany, NY 12226-1799 | | | Disputed | | | $255,326.19 |
| 3 | NYS DEPT OF TAX AND FINANCE <br><br> BANKRUPTCY SECTION W.A. Harriman Campus Building 8 Room 455 <br> Albany, NY 12227 | | | Disputed | | | $210,900.85 |
| 4 | Channel Partners <br><br> 10900 Wayzata Blvd Suite 300 <br> Hopkins, MN 55305 | | | Contingent Disputed Unliquidated | | | $200,000.00 |
| 5 | JPMorgan Chase Bank, N.A. <br><br> Po Box 15369 <br> Wilmington, DE 19850-5369 | | | Disputed | | | $200,000.00 |
| 6 | BAYFIRST NATIONAL BANK NA <br><br> 700 Central Ave. <br> Saint Petersburg, FL 33701 | | UCC | Disputed | | | $150,000.00 |
| 7 | Santander Consumer USA <br><br> P.O. Box 961288 <br> Fort Worth, TX 76161 | | | Disputed | | | $150,000.00 |
| 8 | Amerifund / Leaf Capital <br><br> 14550 N Frank Lloyd Wright Blvd Ste 1 <br> Scottsdale, AZ 85260-8824 | | | Disputed | | | $103,159.85 |

Case 1-26-42173-ess   Doc 1   Filed 05/04/26   Entered 05/04/26 00:19:02

Debtor   **Hapisgah of Flushing Inc.**                                    Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Alliance Funding Group 17542 17th St Tustin, CA 92780-1959 | | | Disputed Unliquidated | | | $103,159.00 |
| 10  Headway Capital 175 W Jackson Blvd Ste 1000 Chicago, IL 60604-2863 | | | Disputed | | | $100,000.00 |
| 11  Keybank 12830 University Drive Fort Myers, FL 33907 | | | Disputed | | | $100,000.00 |
| 12  M&T Bank 1 M and T Plz # 8 Buffalo, NY 14203-2309 | | | Disputed | | | $100,000.00 |
| 13  Dynamic Capital 333 SE 2nd Ave Suite 2000 Miami, FL 33131 | | | Disputed | | | $94,721.26 |
| 14  Priority Capital 174 Green Street Melrose, MA 02176 | | | Disputed | | | $87,338.85 |
| 15  Select Funding 24003 A Ventura Blvd Suite 200 Calabasas, CA 91302 | | | Disputed | | | $87,338.35 |
| 16  Harbour Capital 121 Shattuck Way Ste 11 Portsmouth, NH 03801-7875 | | | Disputed | | | $77,000.00 |
| 17  Chase Credit Card PO Box 15369 Wilmington, DE 19850 | | 1 | Disputed | | | $75,013.05 |
| 18  Brickhouse Capital 8161 E Indian Bend Rd Ste 103 Scottsdale, AZ 85250-4828 | | | Disputed | | | $74,998.00 |
| 19  Northstar Leasing 747 Pine St Burlington, VT 05401-5163 | | | Disputed | | | $70,768.72 |
| 20  Econo Lease 1920 Mckinney Avenue Dallas, TX 75201 | | | Disputed | | | $69,872.04 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

IN RE: **Hapisgah of Flushing Inc.**                              CASE NO

                                                                 CHAPTER **11**

**VERIFICATION OF CREDITOR MATRIX**

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date **05/04/2026**      Signature                    **/s/ Moshe Lifshitz**
                                                      Moshe Lifshitz, President

360 Finance
300 Beardsley
Austin, TX 78746

Alliance Funding Group
17542 17th St
Tustin, CA 92780-1959

Amerifund / Leaf Capital
14550 N Frank Lloyd Wright Blvd Ste 1
Scottsdale, AZ 85260-8824

BAYFIRST NATIONAL BANK
NA
700 Central Ave.
Saint Petersburg, FL 33701

Brickhouse Capital
8161 E Indian Bend Rd Ste 103
Scottsdale, AZ 85250-4828

Channel Partners
10900 Wayzata Blvd Suite 300
Hopkins, MN 55305

Chase Credit Card
PO Box 15369
Wilmington, DE 19850

Con Ed
Po Box 1701
New York, NY 10116-1701

Dynamic Capital
333 SE 2nd Ave Suite 2000
Miami, FL 33131

Econo Lease
1920 Mckinney Avenue
Dallas, TX 75201

Elease Funding Inc
550 First Avenue North
Saint Petersburg, FL 33701

Harbour Capital
121 Shattuck Way Ste 11
Portsmouth, NH 03801-7875

Headway Capital
175 W Jackson Blvd Ste 1000
Chicago, IL 60604-2863

IRS
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
Po Box 15369
Wilmington, DE 19850-5369

Keybank
12830 University Drive
Fort Myers, FL 33907

M&T Bank
1 M and T Plz # 8
Buffalo, NY 14203-2309

M&T Credit Card
101-25 Queens Blvd
Forest Hills, NY 11375

Mario Ferazzoli
5211 Browvale Ln
Little Neck, NY 11362-1712

Northstar Leasing
747 Pine St
Burlington, VT 05401-5163

NYS Dept of Labor
1220 Washington Ave Bldg 12
Albany, NY 12226-1799

NYS DEPT OF TAX AND
FINANCE
BANKRUPTCY SECTION
W.A. Harriman Campus
Building 8 Room 455
Albany, NY 12227

Priority Capital
174 Green Street
Melrose, MA 02176

Santander Consumer USA
P.O. Box 961288
Fort Worth, TX 76161

Select Funding
24003 A Ventura Blvd Suite 200
Calabasas, CA 91302


Small Business
Administration (SBA)
409 3rd St Sw
Washington, DC 20416-0011


Time Payment
200 Summit Drive Suite 100
Burlington, MA 01803

Fill in this information to identify the case:

Debtor name     **Hapisgah of Flushing Inc.**

United States Bankruptcy Court for the:

    **Eastern District of New York**

Case number (if known): _____

❑ Check if this is an
amended filing

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑    *Schedule H: Codebtors* (Official Form 206H)

❑    *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206A-Summary)

❑    *Amended Schedule* _____

☑    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/04/2026**
        MM/   DD/   YYYY

**X**   **/s/ Moshe Lifshitz**
Signature of individual signing on behalf of debtor

**Moshe Lifshitz**
Printed name

**President**
Position or relationship to debtor

Official Form B202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**United States Bankruptcy Court**
**Eastern District of New York**

In re    **Hapisgah of Flushing Inc.**                                                    Case No. _____

                                                    Debtor(s)                Chapter              **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for _____**Hapisgah of Flushing Inc.**_____ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☑ None [*Check if applicable*]


|                **05/04/2026**                |                **/s/ Charles Wertman**                |
| Date | **Charles Wertman** |

Signature of Attorney or Litigant
Counsel for _____**Hapisgah of Flushing Inc.**_____
**Bar Number: 2593267**
**Law Offices of Charles Wertman P.C.**
**100 Merrick Road Suite 304W**
**Rockville Centre, NY 11570-4807**
**Phone: (516) 359-1334**
**Email: charles@cwertmanlaw.com**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

### STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 1073-2(b)

DEBTOR(S): **Hapisgah of Flushing Inc.**          CASE NO.: _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (*or any other petitioner*) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. §101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. §541(a).]

☐   NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☑   THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1.      CASE NO.: __**24-43917**__   JUDGE: **Elizabeth S. Stong**   DISTRICT/DIVISION: **Eastern District of New York / Brooklyn Division**

CASE STILL PENDING (Y/N): ___**N**___ [*If closed*] Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____**Dismissed**_____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

2.      CASE NO.: __**24-43918**__   JUDGE: **Elizabeth S. Stong**   DISTRICT/DIVISION: **Eastern District of New York / Brooklyn Division**

CASE STILL PENDING (Y/N): ___**N**___ [*If closed*] Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____**Dismissed**_____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*):

_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

*NOTE*: Pursuant to 11 U.S.C. §109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): ___**Y**___

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

| | |
|---|---|
| **/s/ Charles Wertman** | **/s/ Hapisgah of Flushing Inc.** |
| Signature of Debtor's Attorney | Signature of Pro Se Debtor/Petitioner |
| | **14725 Union Tpke** |
| | Mailing Address of Debtor/Petitioner |
| | **Flushing, NY 11367-3717** |
| | City, State, Zip Code |
| | **(718) 662-8325** |
| | Area Code and Telephone Number |

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the

case with prejudice. **NOTE**: Any change in address must be reported to the Court immediately **IN WRITING**. Dismissal of your petition may otherwise result.

Vinesign Document ID: E83169BB-2DCF-4198-8EF9-5EEB173882CB

**WRITTEN CONSENT IN LIEU OF MEETING**
**OF THE SOLE DIRECTOR AND SOLE SHAREHOLDER**
**OF**
**HAPISGAH OF FLUSHING INC.**

The undersigned, being the sole director and sole shareholder of HAPISGAH OF FLUSHING INC., a New York corporation (the "Corporation"), pursuant to the New York Business Corporation Law, hereby waives all notice of, and the holding of, a meeting of the Board of Directors and of the shareholders of the Corporation, and hereby consents to, adopts, and approves the following resolutions, which shall have the same force and effect as if duly adopted at a meeting of the Board of Directors and of the shareholders of the Corporation duly called and held for that purpose:

**WHEREAS**, the Board of Directors of the Corporation has reviewed the financial condition of the Corporation, including its assets, liabilities, contractual obligations, and pending litigation; and

**WHEREAS**, on April 7, 2026, Santander Bank, N.A. caused a Notice of Levy and Sale to be issued to City Marshal Martin A. Bienstock of the City of New York, scheduling a public auction of substantially all of the Corporation's chattels for May 4, 2026 at 9:00 a.m.; and

**WHEREAS**, the Board of Directors has determined that the proposed levy and sale, if not enjoined or stayed, would result in the immediate cessation of the Corporation's operations, the loss of going-concern value, and harm to the Corporation's creditors; and

**WHEREAS**, the Board of Directors has considered the Corporation's available alternatives and has determined that it is in the best interests of the Corporation, its creditors, its employees, and other parties in interest that the Corporation seek protection under chapter 11 of

The signed document can be validated at https://app.vinesign.com/Verify

title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE, BE IT:**

**RESOLVED,** that the filing by the Corporation of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), and the commencement by the Corporation of a case thereunder (the "Chapter 11 Case"), are hereby authorized, approved, and ratified in all respects; and it is further

**RESOLVED,** that Moshe Lifshitz, in his capacity as President of the Corporation (the "Authorized Officer"), is hereby authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute, verify, deliver, and file the voluntary petition and any and all schedules, statements, lists, exhibits, affidavits, declarations, and other documents required or permitted to be filed in connection with the Chapter 11 Case, and to take any and all such other actions as the Authorized Officer deems necessary, advisable, or appropriate to effect the commencement and prosecution of the Chapter 11 Case; and it is further

**RESOLVED,** that the Corporation be, and it hereby is, authorized to retain **Law Offices of Charles Wertman, P.C.** as bankruptcy counsel to represent the Corporation in connection with the Chapter 11 Case, subject to the approval of the Bankruptcy Court pursuant to section 327 of the Bankruptcy Code; and that the Authorized Officer is authorized to execute and deliver, on behalf of the Corporation, such retention agreement, application for retention, and supporting affidavits and disclosures as may be required; and it is further

**RESOLVED,** that the Corporation be, and it hereby is, authorized to retain such accountants, financial advisors, appraisers, and other professionals as the Authorized Officer, in

consultation with bankruptcy counsel, deems necessary or advisable in connection with the Chapter 11 Case, subject to such approvals of the Bankruptcy Court as may be required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and it is further

**RESOLVED,** that the Authorized Officer is authorized, empowered, and directed, in the name and on behalf of the Corporation, to take any and all actions, including without limitation the filing of motions, applications, and other pleadings, that the Authorized Officer deems necessary, advisable, or appropriate to obtain authority from the Bankruptcy Court for the Corporation to:

(a)  use cash collateral in the ordinary course of the Corporation's business pursuant to sections 363(c)(2) and 363(e) of the Bankruptcy Code;

(b)  pay pre-petition wages, salaries, employee benefits, and related obligations to or for the benefit of the Corporation's employees;

(c)  continue the Corporation's existing cash management arrangements and use of existing bank accounts;

(d)  pay or honor pre-petition customer deposits, gift cards, and similar customer obligations to the extent permitted under section 507(a)(7) of the Bankruptcy Code;

(e)  provide adequate assurance of payment to utility providers under section 366 of the Bankruptcy Code;

(f)  retain and compensate ordinary-course professionals, including the Corporation's accountants and any non-bankruptcy counsel necessary to respond to non-stayed proceedings; and

(g)  obtain such other and further relief as may be necessary, advisable, or appropriate for the orderly administration of the Chapter 11 Case; and it is further

**RESOLVED,** that the Authorized Officer, in consultation with bankruptcy counsel, is authorized, empowered, and directed to investigate, and where appropriate to prosecute or cause to be prosecuted, claims and causes of action of the Corporation's estate, including without limitation: (i) claims arising from the disposition of equipment held in the Corporation's name

and located at premises formerly occupied by Seared Inc. in Lakewood, New Jersey; (ii) claims for recharacterization, avoidance, reduction, or disallowance of claims asserted by lenders under instruments styled as merchant-cash-advance agreements or equipment-finance leases that may be properly characterized as loans subject to New York usury law; and (iii) such other claims and causes of action of the Corporation's estate as the Authorized Officer, in consultation with bankruptcy counsel, deems appropriate to pursue for the benefit of the Corporation's estate and creditors; and it is further

**RESOLVED,** that the Authorized Officer is authorized, empowered, and directed to execute and deliver, in the name and on behalf of the Corporation, any and all agreements, instruments, documents, certifications, and statements, and to pay all such fees and expenses, as the Authorized Officer deems necessary, advisable, or appropriate to effectuate the purposes of these resolutions and the commencement and prosecution of the Chapter 11 Case; and it is further

**RESOLVED,** that any and all actions heretofore taken by the Authorized Officer in connection with the matters contemplated by these resolutions, including without limitation any preparatory steps taken in anticipation of the filing of the voluntary petition, are hereby ratified, confirmed, adopted, and approved in all respects; and it is further

**RESOLVED,** that these resolutions shall be effective as of the date set forth below and shall remain in full force and effect until modified or revoked by subsequent action of the sole director and sole shareholder of the Corporation.

IN WITNESS WHEREOF, the undersigned, being the sole director and sole shareholder of the Corporation, has executed this Written Consent in Lieu of Meeting as of the date set forth

below.

Dated: May 3, 2026

_____

MOSHE LIFSHITZ
Sole Director and Sole Shareholder
Hapisgah of Flushing Inc.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re:

　　　　　　　　　　　　　　　　　　　　　　Case No. _____
**HAPISGAH OF FLUSHING INC.,**　　　　　　Chapter 11
　　　　Debtor.
----------------------------------------------------------x

### AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

　　　　MOSHE LIFSHITZ, being duly sworn, deposes and says:

1.　　　　I am the President and sole shareholder of Hapisgah of Flushing Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case. I am authorized to make this affidavit on behalf of the Debtor pursuant to a resolution of the Debtor's Board of Directors dated May 3, 2026.

2.　　　　I submit this affidavit pursuant to Local Bankruptcy Rule 1007-4 of the United States Bankruptcy Court for the Eastern District of New York.

3.　　　　**Nature of Debtor's business.** The Debtor operates a kosher full-service restaurant and catering business under the trade name "Hapisgah" at 147-25 Union Turnpike, Flushing, New York 11367. The Debtor has been in operation at that location since approximately 2017. The Debtor's principal services include in-house dining service and off-premises catering for life-cycle events and community functions in the kosher market. The Debtor's federal employer identification number is 82-3283771.

4.　　　　**Location of operations and assets.** The Debtor's principal place of business and the location of substantially all of its operations and tangible personal property is 147-25 Union Turnpike, Flushing, New York 11367. The Debtor maintains its operating bank account at

The signed document can be validated at https://app.vinesign.com/Verify

Santander Bank, N.A.

5.      **Capital structure.** The Debtor is a New York corporation. All of the issued and outstanding stock of the Debtor is owned by Moshe Lifshitz. There are no other equity holders. The Debtor has no publicly held securities and no parent corporation.

6.      **Officers and directors.** Moshe Lifshitz serves as the sole officer and sole director of the Debtor. He has held those positions since the Debtor's formation.

7.      **Prior bankruptcy cases of the Debtor and affiliates.** The Debtor has previously filed for relief under chapter 11 of the Bankruptcy Code, and an affiliate of the Debtor (also wholly owned by Mr. Lifshitz) has previously filed for relief under chapter 11. Both prior cases are disclosed below in detail in light of their relevance to this case:

(i)      **In re Hapisgah of Flushing Inc.**, Case No. 1-24-43917-ess (Bankr. E.D.N.Y., assigned to Hon. Elizabeth S. Stong) (the "Prior Hapisgah Case"). The Debtor commenced the Prior Hapisgah Case on September 20, 2024, by the filing of a voluntary petition for relief under chapter 11, electing treatment under subchapter V. The Debtor was represented in the Prior Hapisgah Case by Morrison Tenenbaum PLLC and, by order entered May 30, 2025, by Law Offices of Rachel L. Kaylie, P.C. Gerard R. Luckman, Esq. served as the subchapter V trustee. The Prior Hapisgah Case was dismissed by order of the Court entered on or about July 1, 2025 pursuant to 11 U.S.C. § 1112(b). No plan of reorganization was confirmed in the Prior Hapisgah Case.

(ii)     **In re Seared Inc.**, Case No. 1-24-43918-ess (Bankr. E.D.N.Y., assigned to Hon. Elizabeth S. Stong) (the "Prior Seared Case"). Seared Inc. ("Seared"), a New Jersey corporation also wholly owned by Mr. Lifshitz, commenced the Prior Seared Case on September 20, 2024,

by the filing of a voluntary petition for relief under chapter 11, electing treatment under subchapter V. Seared was represented in the Prior Seared Case by Morrison Tenenbaum PLLC, and Gerard R. Luckman, Esq. served as the subchapter V trustee. The Prior Seared Case was dismissed by order of the Court entered May 6, 2025 pursuant to 11 U.S.C. § 1112(b). No plan of reorganization was confirmed in the Prior Seared Case.

8.     **Procedural history and circumstances of the prior dismissals.** The Court dismissed the Prior Hapisgah Case and the Prior Seared Case after a joint hearing on February 13, 2025. The Debtor was unable, during the pendency of the Prior Hapisgah Case, to negotiate consensual treatment of its secured claims or to develop a confirmable plan of reorganization within the timeframes prescribed by subchapter V. The Debtor's affiliate, Seared, ceased operations on December 12, 2024 during the pendency of the Prior Seared Case, which substantially affected both cases.

9.     **Basis for the present filing.** The Debtor recognizes that this Court dismissed the Prior Hapisgah Case for cause less than one year ago, and the Debtor does not seek the protection of chapter 11 lightly or without basis. The circumstances now before the Court differ materially from those that led to the prior dismissal, and the Debtor commences this case in good faith for the reasons set forth below.

(i)     *The triggering circumstance.* Following dismissal of the Prior Hapisgah Case on July 1, 2025, the Debtor continued operating at its Flushing location and attempted in good faith to address its outstanding obligations through direct communication with creditors and through the orderly conduct of its business. On April 7, 2026, Santander Bank, N.A., the holder of a money judgment in the amount of $182,748.64 entered in *Santander Bank, N.A. v.*

*Hapisgah of Flushing Inc.*, Index No. 538334/2025 (Sup. Ct. Kings County), caused a Notice of Levy and Sale to be issued to City Marshal Martin A. Bienstock of the City of New York. The Marshal's notice scheduled a public auction of all of the Debtor's chattels at the Debtor's premises for May 4, 2026 at 9:00 a.m., the morning following the filing of this petition. The Debtor was unable, in the time available between service of the Marshal's notice and the scheduled sale, to reach a forbearance with Santander Bank or to satisfy the judgment from available resources. Absent the protection of chapter 11, the Marshal's sale would have proceeded on May 4, 2026, the Debtor's restaurant equipment and operating assets would have been sold at public auction without regard to the interests of the Debtor's secured creditors holding senior all-asset liens (including the United States Small Business Administration), the Debtor's other secured creditors holding equipment-finance liens, or the Debtor's unsecured creditors. The Debtor's operations would have ceased immediately, terminating the employment of approximately 40 employees and eliminating any prospect of recovery for general unsecured creditors.

(ii)    The Debtor's circumstances have materially changed since the dismissal of the Prior Hapisgah Case.  A material portion of the Debtor's scheduled debt is owed to lenders who advanced funds to the Debtor under instruments styled as "merchant cash advance" agreements or as equipment-finance leases that may, on examination, be properly characterized as loans rather than true sales of receivables or true equipment leases. If recharacterized as loans, the effective rates of interest charged under several of these instruments calculated from the daily or weekly factor-rate structure, exceed the criminal usury rate fixed by New York Penal Law § 190.40 and General Obligations Law § 5-501.

The Debtor intends to investigate, on a creditor-by-creditor basis and through the claim-objection process or, where appropriate, through adversary proceedings, whether the agreements with one or more of these lenders are properly characterized as loans, whether the effective rates of interest charged exceed the New York usury cap, and what consequences follow under New York law. Recoveries from such investigations, whether by reduction or disallowance of claims or by affirmative recovery of payments previously made, would inure to the benefit of the Debtor's estate and its general unsecured creditors. While the outcome of such investigations cannot be predicted with certainty, recent New York appellate authority has been increasingly receptive to recharacterization arguments in cases involving instruments with structural features similar to those at issue here.

(iii)    **The Debtor's posture toward this case.** The Debtor's posture toward this case differs from its posture in the Prior Hapisgah Case. This case has not been commenced under subchapter V of chapter 11. The Debtor has determined, in light of the level and nature of its scheduled debt and the existence of the contingent estate claims described above, that the procedures of standard chapter 11 are better suited to the orderly resolution of the Debtor's obligations than the abbreviated timeline of subchapter V proved to be in the Prior Hapisgah Case.

(iv)    **Objectives of this filing.** The Debtor commenced this case to: (i) preserve the going-concern value of its operating restaurant and catering business for the benefit of all creditors; (ii) provide a forum in which the validity, priority, and amount of all claims including the secured claims of the lenders whose collateral was deployed at the Lakewood premises and the claims of merchant-cash-advance lenders described above can be orderly

determined through the claim-objection process and, where necessary, through adversary proceedings; and (iii) propose a plan of reorganization or liquidation, as circumstances warrant, that maximizes recovery for the Debtor's creditors as a whole. The Debtor commits to file its Schedules of Assets and Liabilities and Statement of Financial Affairs within fourteen days of the petition date as required by Federal Rule of Bankruptcy Procedure 1007(c), to file initial monthly operating reports on the schedule established by the Office of the United States Trustee, and to participate in good faith in the initial debtor interview and Section 341 meeting of creditors.

10.     **Other pending litigation.** The Debtor is a defendant in numerous pending state-court collection actions, including but not limited to the following matters in the Supreme Court of the State of New York: Index Nos. 507793/2025 and 528017/2025 (Kings County, Ameris Bank, plaintiff); 535320/2025 (Kings County, Econolease, LLC, plaintiff, with Seared also named); 538334/2025 (Kings County, Santander Bank, N.A., plaintiff, judgment entered, levy underway as of the petition date); 703741/2026 (Queens County, Channel Partners Capital, LLC, plaintiff); 718625/2024 and 720495/2025 (Queens County, Alliance Funding Group, plaintiff); 719574/2024 (Queens County, 360 Equipment Finance LLC, plaintiff); 721313/2024 (Queens County, North Star Leasing Company, plaintiff); 723557/2025 (Queens County, Luis Colmerarez, plaintiff); 724358/2025 (Queens County, Leaf Capital Funding, LLC, plaintiff); and 724556/2025 (Queens County, Advantage Leasing Corporation, plaintiff). All of these matters were pending as of the petition date and are subject to the automatic stay pursuant to 11 U.S.C. § 362(a).

11.     **Estimated assets and liabilities.** Based on the Debtor's books and records as currently

maintained, the Debtor estimates total assets in the range of $1,000,001 to $10,000,000 and total liabilities in the range of $1,000,001 to $10,000,000. These estimates are subject to revision when the Debtor files its schedules and statement of financial affairs.

12.     **Affiliate transactions and disposition of certain equipment.** Seared, an affiliate of the Debtor under common ownership of Mr. Lifshitz, operated a separate kosher restaurant at 8 America Avenue, Lakewood, New Jersey from approximately March 25, 2021 until it ceased operations on December 12, 2024. During the period of Seared's operation, the Debtor advanced funds to Seared and, in some instances, acquired equipment in the Debtor's name that was made available for Seared's use at the Lakewood premises pursuant to an inter-company arrangement, with the understanding and intent that Seared would reimburse the Debtor for such advances and for the use of such equipment. Following Seared's cessation of operations on December 12, 2024, that equipment is no longer in the possession or control of the Debtor or of Seared. The Debtor will, in its Schedules and Statement of Financial Affairs to be filed within fourteen days of the petition date, identify the equipment so affected, the secured creditors holding liens on such equipment, the amounts advanced by the Debtor to or for the benefit of Seared, the manner in which those advances were documented on the Debtor's books and records, and the current status of any inter-company receivable owed by Seared to the Debtor.

13.     **Cash on hand and bank accounts.** As of the petition date, the Debtor maintains its operating account at Santander Bank, N.A., account ending in 1617. The most recent ending balance reported on the Debtor's bank statements was approximately $4,493.17. The Debtor will provide complete account information in its Schedules and at the initial debtor interview.

14.     **Property held for the Debtor by others.** Except as disclosed in paragraph 12 above with

respect to equipment located at the former Seared premises and now in the possession of the landlord of those premises, the Debtor is not aware of any of its property being held by any other person or entity, except for cash held in the ordinary course at the financial institution identified above and credit-card-receipt receivables in the ordinary course of business held by the Debtor's payment processor (Shift4 Payments).

15.     **Premises occupied by the Debtor.** The Debtor occupies the premises at 147-25 Union Turnpike, Flushing, New York 11367 as a tenant pursuant to a written lease with Mario Ferazzoli, the landlord. The Debtor will identify the lease

16.     **Location of substantial assets and books and records.** Substantially all of the Debtor's tangible operating assets are located at 147-25 Union Turnpike, Flushing, New York 11367. The Debtor's books and records are maintained at the same location and electronically with the Debtor's accountant, Hirsch & Co., 12486 W Atlantic Blvd, Coral Springs, Florida 33071.

17.     **Number of employees.** As of the petition date, the Debtor has approximately 40 employees, including kitchen staff, front-of-house staff, and management. The estimated weekly payroll is approximately $30,000.00.

18.     **Anticipated post-petition financing.** The Debtor expects to operate post-petition using cash receipts from ongoing operations. The Debtor's principal cash collateral consists of deposits in the operating account at Santander Bank, N.A. The Debtor will promptly file a motion for authority to use cash collateral and, to the extent the Debtor's secured creditors do not consent, will seek the relief permitted under 11 U.S.C. §§ 363(c)(2) and 363(e). The Debtor does not at this time anticipate the need for debtor-in-possession financing under 11 U.S.C. § 364, but reserves the right to seek such financing if circumstances warrant.

19.     **Schedules and Statement of Financial Affairs to follow.** In light of the emergency nature of this filing necessitated by the scheduled May 4, 2026 marshal's sale, the Debtor has not yet filed its Schedules of Assets and Liabilities or Statement of Financial Affairs. The Debtor will file complete Schedules and a Statement of Financial Affairs within fourteen days of the petition date as required by Federal Rule of Bankruptcy Procedure 1007(c). The Debtor's Schedules and Statement of Financial Affairs will, among other things, address in detail the matters described above, including all transactions between the Debtor and Seared, the disposition of equipment affected by Seared's cessation of operations, and the bases on which the Debtor intends to investigate the merchant-cash-advance and equipment-finance claims .

20.     **Best interests of creditors and the estate.** The Debtor commences this case in the good-faith belief that the protection of chapter 11 will permit an orderly determination of all claims against the Debtor and a reasonable opportunity to reorganize or, in the alternative, to liquidate in a manner that maximizes value for all creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 3, 2026

_____
MOSHE LIFSHITZ
President, Hapisgah of Flushing Inc.